UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

UNITED STATES OF AMERICA and
JASON WAYNE NAILLIEUX,

                              Plaintiffs,

        - v -                                           Civ. No. 1:19-CV-7
                                                          (MAD/DJS)

UNITED STATES MINT (MONEY),

                              Defendant.
_____

**APPEARANCES:**                               **OF COUNSEL:**

JASON WAYNE NAILLIEUX
Plaintiff, *Pro Se*
138-68 94th Avenue
Jamaica, NY 11435

**DANIEL J. STEWART**
**United States Magistrate Judge**

### REPORT-RECOMMENDATION and ORDER

      The Clerk has sent for review a civil Complaint filed by *pro se* Plaintiff Jason Wayne Naillieux. Dkt. No. 1, Compl. Plaintiff has not paid the filing fee, but instead submitted a Motion to Proceed *In Forma Pauperis* ("IFP"). Dkt. No. 2, IFP App. By separate Order, this Court granted Plaintiff's Application to Proceed IFP. Now, in accordance with 28 U.S.C. § 1915(e), the Court will *sua sponte* review the sufficiency of the Complaint.

### I. DISCUSSION

### A. Pleading Requirements

Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff

seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed further with his action.

In reviewing a *pro se* complaint, this Court has a duty to show liberality toward *pro se* litigants, *see Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990), and should exercise "extreme caution . . . in ordering sua sponte dismissal of a pro se complaint *before* the adverse party has been served and both parties (but particularly the plaintiff) have had an opportunity to respond." *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983) (emphasis in original) (citations omitted). Therefore, a court should not dismiss a complaint if the plaintiff has stated "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 556). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id*. "Threadbare recitals of the elements of a cause of action, supported by

mere conclusory statements, do not suffice." *Id*. (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 679 (quoting FED. R. CIV. P. 8(a)(2)). A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice. *Id*. at 678-79 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. at 555, for the proposition that Federal Rule of Civil Procedure 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation"). Allegations that "are so vague as to fail to give the defendants adequate notice of the claims against them" are subject to dismissal. *Sheehy v. Brown*, 335 Fed. Appx. 102, 104 (2d Cir. 2009).

Guidelines regarding the form of pleadings are also found in the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading which sets forth a claim for relief shall contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." *See* FED. R. CIV. P. 8(a)(2). The purpose of this Rule "is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer [and] prepare an adequate defense." *Hudson v. Artuz*, 1998 WL 832708, at *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (other citations omitted)). Rule 8 also provides that a pleading must contain:

> (1) a short and plain statement of the grounds for the court's jurisdiction . . .;
> (2) a short and plain statement of the claim showing that the pleader is entitled

>to relief; and
>(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

FED. R. CIV. P. 8(a).

Moreover, Rule 10 of the Federal Rules of Civil Procedure provides, in part:

>**(b) Paragraphs; Separate Statements.** A party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances. A later pleading may refer by number to a paragraph in an earlier pleading. If doing so would promote clarity, each claim founded on a separate transaction or occurrence – and each defense other than a denial – must be stated in a separate count or defense.

FED. R. CIV. P. 10(b). The purpose of Rule 10 is to "provide an easy mode of identification for referring to a particular paragraph in a prior pleading[.]" *Sandler v. Capanna*, 1992 WL 392597, at *3 (E.D. Pa. Dec. 17, 1992) (citing 5 C. Wright & A. Miller, *Federal Practice and Procedure*, § 1323 at 735 (1990)).

A complaint that fails to comply with these Rules presents too heavy a burden for the defendant in shaping a comprehensive defense, provides no meaningful basis for a court to assess the sufficiency of a plaintiff's claims, and may properly be dismissed by the court. *Gonzales v. Wing*, 167 F.R.D. 352, 355 (N.D.N.Y. 1996). As the Second Circuit has stated, "[w]hen a complaint does not comply with the requirement that it be short and plain, the Court has the power, on its own initiative, . . . to dismiss the complaint." *Salhuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). "Dismissal, however, is usually reserved for those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligble that its true substance, if any, is well disguised." *Hudson v. Artuz*, 1998 WL 832708, at *2

(internal quotation marks and citation omitted). In those cases in which the court dismisses a *pro se* complaint for failure to comply with these Rules, it should afford the plaintiff leave to amend the complaint to state a claim that is on its face nonfrivolous. *See Simmons v. Abruzzo*, 49 F.3d 83, 86-87 (2d Cir. 1995).

### B. Allegations Contained in Plaintiff's Complaint

Plaintiff's factual allegations in this case are exceptionally difficult to understand. The Complaint repeatedly references espionage and treason, including attaching dozens of pages of federal statutes relating to those topics. Plaintiff also alleges that he is the "creator of the United States of American military." Compl. at p. 4.[1] None of the allegations, however, reference the United States Mint which is the sole Defendant named in this action and so it is entirely unclear what it is that Plaintiff alleges in this lawsuit. The Complaint asserts no specific causes of action. Plaintiff's specific allegations and the attached documents fail to provide any facts from which this Court could assess whether or not he has stated a viable claim for relief.

Because in its current form the Complaint is not acceptable under Rules 8 and 10 of the Federal Rules of Civil Procedure and because Plaintiff's claims are entirely unclear, it should be dismissed. However, in light of his *pro se* status, prior to outright dismissal, it is my recommendation that Plaintiff be given an opportunity to amend his Complaint in order to comply with the basic pleading requirements set forth above.

---

[1] Page references to the Complaint are to page numbers assigned by the Court's CM/ECF system.

Should Plaintiff be directed by the District Judge to file an amended complaint, I offer the following guidance. Any such amended complaint, **which shall supersede and replace in its entirety the previous Complaint filed by Plaintiff**, must contain a caption that <u>clearly</u> identifies, by name, each individual/entity that Plaintiff is suing in the present lawsuit and must bear the case number assigned to this action. Plaintiff must also clearly state the nature of the suit and the basis for this Court's jurisdiction. The body of Plaintiff's amended complaint must contain **sequentially numbered paragraphs containing only one act of misconduct per paragraph**. Thus, if Plaintiff claims that his civil and/or constitutional rights were violated by more than one Defendant, or on more than one occasion, he should include a corresponding number of paragraphs in his amended complaint for each such allegation, with each paragraph <u>specifying</u> (i) the alleged act of misconduct; (ii) the date on which such misconduct occurred; (iii) the names of each and every individual who participated in such misconduct; (iv) where appropriate, the location where the alleged misconduct occurred; and, (v) the nexus between such misconduct and Plaintiff's civil and/or constitutional rights.

Plaintiff's amended complaint shall also assert claims against each and every Defendant named in such complaint; **any Defendant not named in such pleading shall not be a Defendant in the instant action**. Plaintiff is further cautioned that no portion of any prior complaint shall be incorporated into his amended complaint by reference.

Plaintiff is also advised that while the Complaint purports to be brought on behalf of

not just himself, but the United States of America, a *pro se* party may represent only himself in litigation and as such his Complaint should not name others as Plaintiffs. *Hunt v. Conroy*, 2014 WL 1513871, at *6 (N.D.N.Y. Apr. 16, 2014) (citing *Lattanzio v. COMTA*, 481 F.3d 137, 139-40 (2d Cir. 2007)) ("It is well-settled that a person who has not been admitted to practice law may not represent anyone other than himself.").

## II. CONCLUSION

**WHEREFORE**, for the reasons stated herein, it is hereby

**RECOMMENDED**, that Plaintiff's Complaint be dismissed, pursuant to 28 U.S.C. § 1915 for failure to state a claim; however, in light of his *pro se* status, it is further

**RECOMMENDED**, that prior to dismissing Plaintiff's Complaint in its entirety, Plaintiff be provided an opportunity to amend his Complaint to correct the format and properly present the facts which would support his claim for entitlement to relief; and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Report-Recommendation and Order, by certified mail, return receipt requested, upon Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14)[2] days within which to file written objections to the foregoing report. Such objections shall be filed with the

---

[2] If you are proceeding *pro se* and are served with this Order by mail, three additional days will be added to the fourteen-day period, meaning that you have seventeen days from the date the order was mailed to you to serve and file objections. FED. R. CIV. P. 6(d). If the last day of that prescribed period falls on a Saturday, Sunday, or legal holiday, then the deadline is extended until the end of the next day that is not a Saturday, Sunday, or legal holiday. FED. R. CIV. P. 6(a)(1)(C).

Clerk of the Court. **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72 & 6(a).

Date: January 28, 2019
      Albany, New York

_____
Daniel J. Stewart
U.S. Magistrate Judge