**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

_____

UNITED STATES OF AMERICA and
JASON WAYNE NAILLIEUX,

                              **Plaintiffs,**

vs.                                                  1:19-CV-7
                                                      (MAD/DJS)

UNITED STATES MINT (MONEY),
                              **Defendant.**
_____

**APPEARANCES:**                         **OF COUNSEL:**

**JASON WAYNE NAILLIEUX**
138-68 94th Avenue
Jamaica, New York 11435
Plaintiff *pro se*

**Mae A. D'Agostino, U.S. District Judge:**

### ORDER

Plaintiff, Jason Wayne Naillieux, commenced this action *pro se* on January 3, 2019, against Defendant, United States Mint (Money). *See* Dkt. No. 1. Plaintiff filed an application to proceed *in forma pauperis*. *See* Dkt. No. 2. On January 24, 2019, Magistrate Judge Daniel J. Stewart granted Plaintiff's application to proceed *in forma pauperis*. *See* Dkt. No. 6.

On January 28, 2019, Magistrate Judge Stewart issued a Report-Recommendation and Order recommending that Plaintiff's complaint be dismissed with leave to amend for failure to state a claim upon initial review under 28 U.S.C. § 1915(e)(2)(B). *See* Dkt. No. 7 at 7. Plaintiff has not objected to Magistrate Judge Stewart's Report-Recommendation and Order.

A court may grant a motion to proceed *in forma pauperis* ("IFP") if the party is "unable to pay" the standard fee for commencing an action. 28 U.S.C. § 1915(a)(1) (2018). When a plaintiff seeks to

proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). In making this determination, "the court has the duty to show liberality towards pro se litigants," however, "there is a responsibility on the court to determine that a claim has some arguable basis in law before permitting a plaintiff to proceed with an action in forma pauperis." *Moreman v. Douglas*, 848 F. Supp. 332, 333–34 (N.D.N.Y. 1994) (internal citations omitted); *see, e.g.*, *Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous). To survive dismissal for failure to state a claim, a party need only present a claim that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). While Rule 8(a) of the Federal Rules of Civil Procedure, which sets forth the general rules of pleading, "does not require detailed factual allegations, . . . it demands more than an unadorned" recitation of the alleged misconduct. *Id.* (citations and quotation omitted). In determining whether a complaint states a claim upon which relief may be granted, "the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. (citation omitted). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

When a party files specific objections to a magistrate judge's report-recommendation and order, the district court "make[s] a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(c) (2018). However, when a party files "[g]eneral or conclusory objections, or objections which merely recite the same arguments [that he] presented to the magistrate judge," the court reviews those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *2 (N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted). After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

Having carefully reviewed Magistrate Judge Stewart's Report-Recommendation and Order, Plaintiff's complaint, and the applicable law, the Court finds that Magistrate Judge Stewart correctly determined that Plaintiff's complaint cannot survive initial review. Plaintiff failed to plausibly allege any claims against Defendant and has failed to identify any relief that the Court can provide. *See* Dkt. No. 7 at 5.

In light of Plaintiff's *pro se* status, the Court will afford Plaintiff an opportunity to amend his complaint. If Plaintiff decides to amend his complaint, he must clearly set forth the facts that give rise to the claim, including, when possible, the dates, times, and places of the alleged underlying acts, as well as each individual who committed each alleged wrongful act. In addition, the revised pleading should allege facts demonstrating the personal involvement of any named Defendant. *See Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986). Finally, Plaintiff is informed that any such amended complaint will replace the

3

existing complaint, and must be a wholly integrated and complete pleading that does not rely upon or incorporate by reference any pleading or document previously filed with the Court. *See Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994) (quotation omitted).[1]

Accordingly, the Court hereby

**ORDERS** that Magistrate Judge Stewart's Report-Recommendation and Order (Dkt. No. 7) is **ADOPTED in its entirety**; and the Court further

**ORDERS** that Plaintiff's complaint in this action is **DISMISSED** in all respects, with leave to file an amended complaint within **thirty (30) days** of the date of this Order; and the Court further

**ORDERS** that, if Plaintiff fails to file an amended complaint within **thirty (30) days** of this Order, the Clerk of the Court shall enter judgment in Defendant's favor and close this case, without further order of this Court; and the Court further

**ORDERS** that the Clerk of the Court shall serve a copy of this Order on Plaintiff in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: October 8, 2019
Albany, New York

_____
Mae A. D'Agostino
U.S. District Judge

---

[1] The Court directs Plaintiff to the instructions outlined in Magistrate Judge Stewart's Report-Recommendation and Order. *See* Dkt. No. 7 at 6–7.

4